1

2                                                          **E-Filed 8/2/2010**

3

4

5

6

7

8

9                  IN THE UNITED STATES DISTRICT COURT

10              FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                            SAN JOSE DIVISION

12   DAVID KOLKER,                          Case Number CV 10-00900-JF-PVT

13                    Plaintiff,
                                            ORDER[1] DENYING PLAINTIFF'S
14         v.                               MOTION TO REMAND ACTION
                                            TO STATE COURT
15   VNUS MEDICAL TECHNOLOGIES, INC.,
16   COVIDIEN and DOES 1-20,                [re doc. no. 9]

17                    Defendants.

18

19         Plaintiff David Kolker ("Plaintiff") moves to remand the instant case to the Santa Clara

20   Superior Court for lack of diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Defendant

21   Covidien ("Covidien") opposes the motion, asserting that Defendant VNUS Medical

22   Technologies, Inc. ("VNUS") was improperly joined.  The Court has considered the moving and

23   responding papers and the oral arguments of counsel presented at the hearing on July 30, 2010.

24   For the reasons discussed below, the motion will be denied.

                                    **I. BACKGROUND**
25
           Covidien is a corporation formed under the laws of Delaware. (Notice of Removal, ¶ 6.)
26
     Its principal place of business is in Massachusetts. (Notice of Removal, ¶ 6.)  Covidien is a
27
     _____
28
           [1]  This disposition is not designated for publication in the official reports.

1   citizen of Delaware and Massachusetts for purposes of federal diversity jurisdiction. (Notice of

2   Removal, ¶ 6.)  VNUS was a corporation formed under the laws of Delaware.  (Notice of

3   Removal, ¶ 7.)  At the time of the events giving rise to Plaintiff's claim, its principal place of

4   business was in California.  While its present legal existence is disputed, VNUS would be a

5   citizen of Delaware and California for purposes of federal diversity jurisdiction. (Notice of

6   Removal, ¶ 7.)

7        Plaintiff is a citizen of Florida.  (Def.'s Opp'n 1.) In April 2008, Plaintiff entered into a

8   consulting agreement with VNUS to develop a business plan for a potential new division.

9   (Compl., ¶ 10.)  Under the agreement, Plaintiff would be hired as CEO of the new division if he

10  were able to develop an acceptable business plan, hire the appropriate individuals and get the

11  business up and running.  (Compl., ¶¶ 10-11.)  Plaintiff alleges that he performed as required.

12  (Compl., ¶ 10.)  However, in the course of a background investigation, VNUS discovered that

13  Plaintiff was a recovering alcoholic.  (Compl., ¶ 10.)  VNUS' CEO subsequently told Plaintiff

14  that he was reluctant to hire Plaintiff as CEO of the new division, and he insisted that Plaintiff

15  sign another agreement that required Plaintiff to undergo alcohol and drug testing. (Compl., ¶

16  11.)  For six months after the parties entered into the second agreement, Plaintiff inquired

17  periodically as to his employment status. (Compl., ¶ 13.)  Plaintiff was told repeatedly that

18  VNUS' CEO was reluctant to present the issue to the Board of Directors because of Plaintiff's

19  history of alcoholism.  (Compl., ¶ 13.)  Plaintiff was never hired as CEO of VNUS. (Compl., ¶

20  16.)

21        Plaintiff alleges that VNUS refused to hire him solely on the basis of his disability.

22  (Compl., ¶¶ 13-16.)  Specifically, Plaintiff contends that "[b]y not hiring him as an employee

23  based solely on the existence of Plaintiff's disability which is evidenced by the sole change in

24  Plaintiff's second consulting agreement and by requiring him to take drug and alcohol tests ...

25  Defendants, and each of them, discriminated against Plaintiff on the basis of his disability [in

26  violation of California Government Code §§ 12940 through 12996]."  (Compl., ¶ 16.)

27        On May 7, 2009, VNUS entered into a merger agreement with Covidien. (Decl. Of

28

2

1   Michael T. Cowhig, ¶ 2.)  The merger occurred in June 2009.  (Def.'s Opp'n 2; Decl. Of Michael

2   T. Cowhig, ¶ 2.)  Defendants assert that VNUS ceased to have a separate corporate existence as

3   of the date of the merger, (Def.'s Opp'n 2; Decl. Of Michael T. Cowhig, ¶ 2), that VNUS was

4   merged with and into an indirect, wholly-owned subsidiary of Covidien, and that all of VNUS'

5   assets were contributed to Tyco Healthcare Group LP ("Tyco").  (Def.'s Opp'n 2; Notice of

6   Removal ¶ 13.)  Defendants also assert that Tyco, as the surviving entity, has succeeded to all of

7   VNUS' debts and liabilities.  (Notice of Removal, ¶ 13; Cal. Corp. Code § 1107.)[2]

8          Tyco is a wholly but indirectly owned subsidiary of Covidien.  (Def.'s Opp'n 2; Decl. Of

9   Michael T. Cowhig, ¶¶ 4-5.)  Tyco is a Delaware limited partnership with its principal place of

10  business in Mansfield, Massachusetts.  (Decl. Of Michael T. Cowhig, ¶¶ 4-5.)  On June 26, 2009,

11  a certificate of cancellation of VNUS' corporate status was filed with the Secretary of State of

12  Delaware.  (Decl. Of Michael T. Cowhig, ¶ 9.)  According to Defendants, VNUS contributed all

13  of its assets and liabilities to Tyco and was cancelled as a company and legal entity as of June

14  2009.  (Decl. Of Michael T. Cowhig, ¶¶ 8-9.)

15         On December 1, 2009, Plaintiff filed a complaint for damages against VNUS, Covidien,

16  and Doe defendants in the Santa Clara Superior Court.  (Compl, ¶¶ 1-3.)  On February 2, 2010,

17  through its registered agent for service of process, Covidien was served with copies of the

18  complaint, summons, and other court documents. (Notice of Removal, ¶ 2.)  The complaint

19  asserts a single claim for disability discrimination and failure to accommodate Plaintiff's

20  disability, in violation of California Government Code §§ 12940 through 12996.  (Notice of

21  Removal, ¶ 2.)  VNUS also was served with a copy of the complaint and other court documents,

22  _____

23     [2]  California Corporations Code § 1107 provides in relevant part that, "upon merger
    pursuant to this chapter the separate existence of the disappearing corporations ceases and the

24  surviving corporation shall succeed, without other transfer, to all the rights and property of each
    of the disappearing corporations and shall be subject to all the debts and liabilities of each in the

25  same manner as if the surviving corporation had itself incurred them. ... Any action or proceeding
    pending by or against any disappearing corporation may be prosecuted to judgment, which shall

26  bind the surviving corporation, or the surviving corporation may be proceeded against or

27  substituted in its place."

28

3

but apparently it was not served with a summons.  (Notice of Removal, ¶ 3.)  Defendants contend that Plaintiff failed to effectuate proper service on VNUS because VNUS was not served with a summons as is required by §§ 412.10, 412.20, and 413.30 of the California Code of Civil Procedure.  (Notice of Removal, ¶ 11.)  Defendants also argue that VNUS is a "sham defendant" named solely to defeat diversity jurisdiction.  (Notice of Removal, ¶ 12.)  Defendants filed a timely notice of removal on March 3, 2010.

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction. That jurisdiction includes civil actions between "citizens of different States" where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1) (2006). Any moving party asserting diversity jurisdiction bears the burden of showing that diversity exists. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In this case, the Court has jurisdiction only if the citizenship of all Defendants is diverse from Plaintiff's. *See Caterpillar, Inc. v. Lewis*, 519 U.S. 61 (1996) (stating that diversity jurisdiction requires "complete diversity of citizenship").  Similarly, when an action has been removed from state court to federal court under 28 U.S.C. § 1441, there is an equally "strong presumption" against removal jurisdiction, unless the defendant can establish that removal was proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Any such doubt as to removability must be resolved in favor of remand.  *Id.*

There is an exception to the requirement of complete diversity in cases of fraudulent joinder.  *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (citing *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)). A plaintiff cannot defeat diversity jurisdiction simply by joining a non-diverse defendant.  *MacCabe*, 811 F.2d at 1339 ("fraudulent joinder is a term of art").  In order to prove fraudulent joinder, the defendant must prove that "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious, according to the settled rules of the state...."  *Mercado v. Allstate Ins. Co.*, 340 F.3d 824, 826 (9th Cir. 2003) (citing *McCabe*, 811 F.2d at 1339); *Maffei v. Allstate Cal. Ins. Co.*, 412 F. Supp. 2d 1049, 1053 (E.D. Cal. 2006) ("Joinder of a defendant is fraudulent if the

4

defendant cannot be liable to the plaintiff on *any* theory alleged in the complaint.") (emphasis added). The court may go outside the pleadings, and the defendant may present facts showing the joinder is fraudulent. *See Ritchy v. Upjohn Drug. Co.,* 139 F.3d 1313, 1318 (9th Cir. 1998). However, there is "a heavy burden on the defendant as fraudulent joinder must be proven by clear and convincing evidence and all disputed questions of fact and all ambiguities in the controlling law are to be resolved in the plaintiff's favor." *Leung v. Sumitomo Corp. of Am.*, No. 09-5825, 2010 U.S. Dist. LEXIS 29039, at *6 (N.D. Cal. Mar. 9, 2010) (internal citations and quotation marks omitted).

The "forum defendant rule" of 28 U.S.C. § 1441(b) "imposes a limitation on actions removed pursuant to diversity jurisdiction." *Spencer v. United States District Court*, 393 F.3d 867, 870 (9th Cir. 2004). The forum defendant rule provides: "such action[s] shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). This rule "reflects the belief that [federal] diversity jurisdiction is unnecessary because there is less reason to fear state court prejudice against the defendants if one or more of them is from the forum state." *Spencer*, 393 F.3d at 870, quoting Erwin Chemerinsky, Federal Jurisdiction § 5.5, at 345 (4th ed. 2003). "When removal is proper at [the time notice of removal is filed], subsequent events, at least those that do not destroy original subject-matter jurisdiction, do not require remand." *Spencer*, 393 F.3d at 870, citing *Van Meter v. State Farm Fire & Cas. Co.*, 1 F.3d 445, 450 (6th Cir. 1993). However, "it is [] clear that the presence of a local defendant at the time removal is sought bars removal." *Spencer*, 393 F.3d at 870.

## III. DISCUSSION

Plaintiff contends that because VNUS was present in California at the time of removal, remand is appropriate. However, Covidien argues that VNUS cannot be liable to Plaintiff on any theory alleged in the complaint because at the time Plaintiff filed the complaint, VNUS was a corporate shell with no assets, employees, offices, or operations of any kind. (Def.'s Opp'n 6). According to Covidien, after the merger and complete transfer of all of its assets and liabilities to

5

1    Tyco, VNUS ceased to exist as a separate legal entity and thus could not properly be joined as a

2    party to the instant action. (Def.'s Opp'n 2).  The Court agrees.

3         Given the prominence of VNUS in the underlying events, Plaintiff cannot be faulted for

4    naming VNUS as a defendant.  Covidien's counsel suggested at oral argument that Plaintiff's

5    counsel should have taken affirmative steps to ascertain VNUS' corporate status before filing

6    suit.  However, it appears to the Court that Covidien's counsel just as easily could have provided

7    documentation of VNUS' corporate status to Plaintiff's counsel before removing the action,

8    which likely would have avoided the instant motion proceeding.  That said, the Court is satisfied

9    that as of the date Plaintiff filed his complaint in state court, VNUS no longer existed in any form

10   that would give rise to legal liability.  Because all the remaining parties are diverse and there is

11   no forum defendant, this Court has subject matter jurisdiction.

### IV. ORDER

13        Good cause therefor appearing, Plaintiff's motion to remand is DENIED.

14        IT IS SO ORDERED.

16   DATED: 8/2/2010

17                                                    _____
                                                     JEREMY FOGEL
18                                                   United States District Judge

6