THOMAS M. MCINERNEY, State Bar No. 162055
tmm@ogletreedeakins.com
MICHAEL J. NADER, State Bar No. 200425
michael.nader@ogletreedeakins.com,
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Steuart Tower, Suite 1300
One Market Plaza
San Francisco, CA  94105
Telephone:    415.442.4810
Facsimile:     415.442.4870

Attorneys for Defendant
COVIDIEN

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| DAVID KOLKER,<br><br>              Plaintiff,<br><br>     v.<br><br>VNUS MEDICAL TECHNOLOGIES, INC., COVIDIEN and DOES 1-20,<br><br>              Defendants. | Case No. 5:10-cv-00900-JF<br><br>**DEFENDANT COVIDIEN'S NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY AND REQUEST FOR SANCTIONS; AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Complaint Filed:  December 1, 2009<br>Amended Complaint Filed:  August 17, 2011<br><br>Hearing Date:     October 18, 2011<br>Time:                   10:00 a.m.<br>Location:             Courtroom 5 – 4th Floor<br><br>Judge:                 Hon. Jeremy Fogel<br>Trial Date:           December 12, 2011 |

**TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

NOTICE IS HEREBY GIVEN that on Tuesday, October 18, 2011 at 10:00 a.m., or as soon thereafter as counsel may be heard by the above entitled Court, located at 280 South 1st Street, San Jose, CA 95113, Courtroom 5 - 4th Floor, Santa Clara, CA 94113, Defendant Covidien ("Covidien") moves this Court pursuant to Federal Rule of Civil Procedure 37 for the following orders:

a) An order requiring Plaintiff to produce complete responses to Covidien's Second Set of Special Interrogatories;

b) An order requiring Plaintiff to produce all documents responsive to Nos. 38, 40 and 45 of Covidien's Third Set of Document Requests;

c) An order precluding any testimony from Plaintiff's retained expert, Ms. Alisa Baker, Esq., because of her failure to provide a report, or, alternatively, an order requiring the prompt production of the expert report; and

d) An order precluding any testimony from Plaintiff's non-retained expert, Ms. Angie Rosillo, or, alternatively, an order requiring the prompt production of an adequate summary of the facts and opinions pertaining to Ms. Rosillo's testimony.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Declaration of Michael J. Nader and its exhibits, the Proposed Order filed concurrently herewith, any reply papers Covidien may submit, the complete file in this action, the oral argument of counsel, and such additional matters as the Court may consider.

### STATEMENT OF ISSUES TO BE DECIDED

A. Whether Plaintiff should be compelled to produce information in response to Covidien's Second Set of Special Interrogatories Nos. 10-25;

B. Whether Plaintiff should be compelled to produce all documents responsive to Covidien's Third Set of Document Requests Nos. 38, 40 and 45;

C. Whether the testimony of Plaintiff's retained expert, Ms. Alisa Baker, Esq., should be excluded for Plaintiff's failure to provide the expert's report, or, alternatively, should the production of Ms. Baker's report be compelled pursuant to Federal Rules of Civil

Procedure ("FRCP") 26(a)(2)(B);

D. Whether the testimony of Plaintiff's non-retained expert, Ms. Angie Rosillo, should be excluded for Plaintiff's failure to provide an adequate summary required by FRCP 26(a)(2)(C), or, alternatively, should Plaintiff be compelled to produce an adequate summary of the facts and opinions relied upon by Ms. Rosillo;

E. Whether monetary sanctions should be awarded to Covidien in bringing this motion.

**MEMORANDUM AND POINT OF AUTHORITIES**

**I.  INTRODUCTION**

Defendant Covidien seeks this Court's order compelling Plaintiff David Kolker ("Plaintiff") to provide information, documents, reports and summaries that are clearly required by the discovery rules. Specifically, Plaintiff has improperly failed to provide responses to any of Covidien's contention interrogatories, failed to provide all documents responsive to Covidien's document requests, failed to provide a report for his retained expert, and failed to provide an adequate summary required by FRCP 26(a)(2)(C) for his non-retained expert. As such, Covidien was left with no choice but to seek relief from this Court, including an award of its costs and fees incurred by Covidien to bring this motion.

**II.  MATERIAL FACTS**

**A.  Plaintiff Has Improperly Failed To Respond To All Of Covidien's Special Interrogatories.**

On August 3, 2011, Covidien timely served Plaintiff with Covidien's Second Set of Special Interrogatories, Nos. 10-25. (Declaration of Michael J. Nader ("Nader Dec.") ¶ 17). The Interrogatories properly ask Plaintiff to identify all witnesses and documents that support his allegations in his purported First Amended Complaint (the "Complaint"). (*Id*. Nos. 10-21, 23-25). Special Interrogatory No. 22 properly asks Plaintiff to state all facts that support his allegation in Paragraph 16 of the Complaint. (*Id*. Exh. G). However, Plaintiff refused to provide substantive responses to *any* of the Special Interrogatories. (Nader dec. ¶ 18). Instead, Plaintiff merely provided a blanket privilege objection in response to all of the interrogatories. (*Id*. Exh. H).

In Covidien's meet and confer correspondence with Plaintiff, Plaintiff feigned surprise that he was required to identify witnesses and documents that support his allegations. (Nader Dec. ¶ 19, Exh. I). Covidien responded with a letter that reasserted the propriety of the contention interrogatories, and Plaintiff's obligation to provide complete responses. (*Id*. Exh. F). However, Plaintiff persists in his refusal to provide any responsive information. (*Id*. ¶ 18).

### B. Plaintiff Has Improperly Failed To Produce Documents Responsive To Covidien's Third Set Of Document Requests.

From December 2010 through March of 2011, Covidien served record subpoenas to several of Plaintiff's medical providers and prior employers. (Nader dec. ¶¶ 2-9). Covidien received no objections from Plaintiff regarding these subpoenas. (*Id*. ¶ 9). Instead, Plaintiff's counsel informed Covidien's counsel that he had been in contact with some of the subpoena recipients, and had secured for himself the records sought in the subpoenas so that he could review them before they were produced to Covidien. (*Id*.). Covidien then sent written communications to Plaintiff's counsel seeking his cooperation with the subpoenas, and thus to ensure that the documents are produced to Covidien. (*Id*. ¶ 10).

Then on June 16, 2011, Covidien served Plaintiff's counsel with Defendant's Third Request For Production Of Documents And Things, which sought the subpoenaed documents that Mr. Roe had said that he secured. (*Id*. ¶ 11). Although Plaintiff's responses were due within 30 days, none were received as of July 27, 2011. (Id. ¶ 12). As such, Covidien sent a meet and confer letter to Plaintiff noting that since no responses were received, and thus that all objections had been waived, and that Plaintiff is obligated to promptly produce all responsive documents. (*Id*.). Instead, Plaintiff served his responses on September 2, 2011, more than a month late, and without any explanation. (*Id*. Exh. D). In Plaintiff's responses to document requests Nos. 38, 40 and 45, he said that he was providing all responsive documents to each request. (*Id*.). But after repeated requests from Covidien for the production, no such documents have been received. (*Id*. ¶ 16).

Covidien then sent meet and confer letters on September 6 and September 7 urging Plaintiff's production. (*Id*. Exhs. E and F). Plaintiff never responded, never produced any

1 documents, and never even provided a date certain for the production. (*Id.* ¶ 16).

      **C.**    **Plaintiff Has Improperly Failed To Produce His Expert's Report And Has Failed To Produce An Adequate Summary Of His Non-Retained Expert.**

After 5:00 p.m. on Friday, September 2, 2011, Plaintiff sent an email along with his disclosure of experts and related documents. (Nader dec. Exh. J). He designated Ms. Alisa Baker as his retained expert, and Ms. Angie Rossillo as his non-retained expert. (*Id.*). However, Plaintiff failed to produce his expert report, and failed to provide the required summary of facts and opinions to which Ms. Rosillo would testify. (*Id.*).

As such, Covidien sent Plaintiff two meet and confer letters urging him to immediately produce a report for Ms. Baker, and to immediately provide the required summaries for Ms. Rosillo. (*Id.* Exhs. E and F). Plaintiff responded with no date certain as to the production of the Baker report, merely stating that it would be produced "as soon as possible". (*Id.* Exh. I). In response to Covidien's request for the required summaries pertaining to Ms. Rosillo, Plaintiff expressed confusion, and sought Covidien's guidance on what the summaries must include. (*Id.*). Covidien further explained the requirements of FRCP 26(a)(2)(C). (*Id.* Exh. F). However, Plaintiff has not provided any amended summaries of facts and opinions pertaining to Ms. Rosillo. (*Id.* ¶ 22).

**III.**    **LEGAL ANALYSIS**

      **A.**    **Plaintiff Should Be Ordered To Provide Complete Responses To Covidien's Second Set Of Special Interrogatories.**

Pursuant to Federal Rule of Civil Procedure 37, "[a] party seeking discovery may move for an order compelling an answer if . . . a party fails to answer an interrogatory submitted under Rule 33." Fed. R. Civ. P. 37(a)(3)(B). The party resisting discovery "has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections. *O'Connell v. Champan Univ.*, 245 F.R.D. 646, 648 (C.D. Cal 2007).

Here, Plaintiff cannot meet his burden to show that the discovery at issue is not allowed. His persistent refusal to provide substantive responses to Defendant's contention interrogatories is completely without merit. See *In re Convergent Technologies Securities Litigation*, 108

1  F.R.D. 328, 340 (N. D. Cal 1985) (holding there is "no reason" a party should not identify
2  witnesses or documents "that supports or contradicts any of the controverted allegations").
3  Indeed, the very purpose of contention discovery is for the defendant to learn the basis for the
4  claim of harm. See *Walker v. County of Contra Costa*, 227 F.R.D. 529, 537 (N.D. Cal. 2005);
5  *Roberts v. Heim*, 130 F.R.D. 424, 427 (N.D. Cal. 1989) ("The Courts generally approve of
6  contention interrogatories as they tend to narrow issues, avoid wasteful preparation, and, it is
7  hoped, expedite a resolution of the litigation.").   Accordingly, Plaintiff should be ordered to
8  provide complete responses.

9      Indeed, Plaintiff cannot claim a privilege over the identities of the witnesses who
10 support his allegations.  Covidien is not seeking any documents prepared by Plaintiff's counsel,
11 just a list of witnesses and documents that allegedly support his allegations.  Such information
12 would not reveal counsel's mental impressions or processes and therefore is not protected by
13 the work product doctrine. See *In re Marsh & McLennan Cos. Sec. Litig*., 2008 WL 2941215,
14 at *3 (S.D.N.Y. July 30, 2008) (ordering the disclosure of confidential witnesses because "[t]he
15 relationship between witness identities and an attorney's case strategies or mental impressions
16 is . . . attenuated.").

17     Moreover, Covidien's interrogatories ask Plaintiff to identify witnesses with knowledge
18 of the matters *specifically alleged in the Complaint*.  (See, e.g., Exh. G, nos. 10-21, 23-25).
19 Covidien thus seeks the same sort of information that the initial disclosure rules require. See
20 FRCP 26(a)(1)(A)(i) (requiring parties to disclose the identities of witnesses who possess
21 information that the disclosing parties may use to support their claims or defenses, "along with
22 the subjects of that information").  Thus, Plaintiff has no basis to refuse to provide all
23 responsive information.

24     Similarly, Plaintiff has no basis to refuse to identify the documents that support his
25 allegations.  It is well established that the "source of information underlying the allegations of
26 the complaint is certainly relevant and as such discoverable." *Cornaglia v. Ricciardi*, 63 F.R.D.
27 416, 420 (E.D. Pa. 1974); accord *Ausherman v. Bank of Am. Corp*., 212 F. Supp. 2d 435, 438
28 (D. Md. 2002) ("[T]he factual basis for Plaintiffs' numerous claims . . . is discoverable under

Rule 26(b)(1)"; *IDS Life Ins. Co. v. Sunamerica Inc.*, 1995 WL 505497, at *1 (N.D. Ill. Aug. 21, 1995) ("[A party's deponent] cannot make the statements [in a complaint] and now claim a privilege when asked what the basis for the statement is."). Accordingly, Plaintiff should be directed to respond to all of Covidien's Second Set of Special Interrogatories, Nos. 10-25.

### B. Plaintiff Should Be Ordered To Produce All Documents Responsive To Covidien's Third Set Of Document Requests.

Here, as set forth above, Plaintiff failed to timely respond or object to Covidien's Third Set of Document Requests, and thus all objections are waived. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992)(failing to timely object to a request for production under Rule 34 constitutes a waiver of any objection). This rule applies with equal force to "objection [s] that the information sought is privileged," *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981), including objections on the basis of the attorney-client privilege and attorney work-product doctrine. *Rialto v. U.S. Dep't of Defense*, 492 F. Supp. 2d 1193, 1201-02 (C.D. Cal. 2007) (the failure to timely assert the attorney client privilege waived the right to do so); *Allen v. Ghoulish Gallery*, No. 06-371, 2007 WL 1490853, at *2 (S.D. Cal. May 21, 2007) (explaining that "failing to timely respond to document requests waives a party's objections, including those based on privilege and work product, to the discovery requests").

Plaintiff's untimely responses state that responsive documents exist for Request Nos. 38, 40 and 45, but their production is long overdue, and Plaintiff has failed to even provide a date certain for their production. Failing to produce responsive documents severely prejudices Covidien in many ways, which includes depriving the Company of information critical to defending Plaintiff's liability and damages claims, depriving the Company of information critical to determining whether Covidien should designate its own expert witness to address similar issues, and depriving the Company of critical information needed to prepare to depose Plaintiff's experts. Also, Plaintiff's refusal to even commit to producing documents by a date certain suggests that they will not be forthcoming. Accordingly, Covidien respectfully requests that this Court grant an order compelling Plaintiff to produce all responsive documents to Request Nos. 38, 40 and 45.

### C. Plaintiff's Retained And Non-Retained Exports Should Be Excluded From Testifying At Trial For Their Failure To Provide Timely And Adequate Reports And Summaries.

Expert witness reports are governed by Federal Rule of Civil Procedure 26(a)(B)(2). Rule 26(a)(2)(B) requires that the disclosure of a retained expert "must be accompanied by a written report". FRCP 26(a)(2)(B). The report must contain, amongst other things, "(i) a complete statement of all opinions the witness will express and the basis and reasons for them; and (ii) the data or other information considered by the witness in forming them." *Id*.

Generally, a party who without "substantial justification" fails to disclose information required to be included in an expert report "is not, unless such failure is harmless, permitted to use as evidence at a trial ... any ... information not so disclosed." See FRCP 37(c)(1). Rule 37(c)(1) "provides a self-executing sanction for failure to make a disclosure required by Rule 26(a), without need for a motion under subdivision (a)(2)(A)." See *id*., Advisory Committee Notes, 1993 Amendments; see also *Yeti by Molly Ltd. v. Deckers Outdoor Corp*., 259 F.3d 1101, 1106 (9th Cir. 2001) (noting that sanctions under Rule 37(c)(1) are "self-executing" and "automatic," and are appropriate even where the offending party "never violated an explicit court order" and "absent a showing in the record of bad faith or willfulness"). Thus, the party who fails to provide the report bears the burden of showing substantial justification for such failure or that its failure to disclose was harmless.

In the instant case, Plaintiff has simply failed to produce the expert's report. Instead, after 5:00 p.m. on the discovery cutoff date of September 2, 2011, Plaintiff disclosed his retained expert, Ms. Baker, but provided no report. Plaintiff has not even provided a date certain as to when Covidien will be served with the report, and no justification for Plaintiff's failure to comply with Rule 26(a)(2)(B). As such, Ms. Baker's testimony should be excluded from the trial in this case.

Although Plaintiff stated in meet and confer correspondence that he would be willing to extend the time period for Covidien to take the deposition of Ms. Baker, that assurance does not remedy the prejudice and harm to Covidien by depriving the Defendant of a timely expert report. It is not up to Covidien to take Ms. Baker's deposition in order to figure out the basis

1  for her opinions. *Krischel v. Hennessy*, 533 F. Supp. 2d 790,797 (N.D. Ill. 2008)("It is not the
2  job of the opposing party to make a record of the factual basis of the expert's testimony by way
3  of a deposition (which under Rule 26(b)(4)(C) is generally at the expense of that opposing
4  party)." Covidien is further prejudiced by being deprived of the opportunity to review Ms.
5  Baker's report to determine whether to designate a rebuttal expert, and/or depose Ms. Baker,
6  and/or adequately prepare for trial regarding Ms. Baker's opinions and their factual basis. This
7  resulting prejudice caused by the non-disclosure of the Baker report warrants the exclusion of
8  Ms. Baker's testimony from the trial in this case.
9       If this Court somehow decides not to exclude Ms. Baker's testimony, then Covidien
10 requests this Court to order Ms. Baker to promptly produce a complete report, to grant an
11 extension of time that will afford Covidien the opportunity to thoroughly review the report,
12 determine whether to designate a rebuttal expert, and to schedule Ms. Baker's deposition.
13      Similarly, Plaintiff's conclusory sentences about his non-retained expert, Ms. Rosillo,
14 falls far short of the summary of facts and opinions required of FRCP 26(a)(2)(C). As such,
15 Covidien is significantly prejudiced by being deprived of the opportunity an adequate summary
16 of the facts and opinions pertaining to Ms. Rosillo to determine whether to designate a rebuttal
17 expert, and/or depose Ms. Rosillo, and/or schedule a Rule 35 examination of the Plaintiff. This
18 resulting prejudice caused by the non-disclosure of a summary that is FRCP 26(a)(2)(C)
19 compliant warrants the exclusion of Ms. Rosillo's testimony from the trial in this case.
20      If this Court somehow decides not to exclude Ms. Rosillo's testimony, then Covidien
21 requests this Court to order the prompt production of an adequate summary, to grant an
22 extension of time that will afford Covidien the opportunity to review the summary and schedule
23 a Rule 35 examination of the Plaintiff and Ms. Rosillo's deposition.

   **D.  Sanctions Against Plaintiff Are Fully Warranted.**

25      If a motion to compel brought pursuant to Rule 37 is granted, the court must, after
26 giving an opportunity to be heard, require the party whose conduct necessitated the motion to
27 pay the movant's reasonable expenses incurred in making the motion, including attorney's
28 fees." Fed. R. Civ. P. 37(a)(5). The burden is on the party facing sanctions to prove that it was

1 substantially justified in making its objections or failing to respond to discovery. *Id*.; *Yeti by
2 Molly, Ltd. v. Deckers Outdoor Corp*., 259 F.3d 1101, 1107 (9th Cir. 2001).

3     Here, the Court should grant Covidien's request for attorney's fees incurred in filing the
4 instant motion as a result of Plaintiff's failure to provide responsive documents, adequate
5 interrogatory responses, and expert reports and summaries. As a result of Plaintiff's refusal to
6 comply with the discovery rules, even despite Covidien's extensive meet and confer efforts,
7 Covidien has been forced to incur substantial attorney's fees. With no justification for
8 Plaintiff's actions, Covidien requests the Court to award its attorney's fees in an amount to
9 established in a declaration in support of Covidien's reply brief.

## IV. CONCLUSION

11     For the reasons set forth herein, Covidien respectfully requests this Court to (a) order
12 Plaintiff to provide complete responses to Covidien's Second Set of Special Interrogatories,
13 Nos. 10-25; (b) order Plaintiff to produce all documents responsive to Covidien's Document
14 Requests, Nos. 38, 40 and 45; (c) exclude all testimony from Plaintiff's retained expert, Ms.
15 Baker, for her failure to timely produce a report, or provide other relief sought by Covidien in
16 this motion; (d) exclude all testimony from Plaintiff's non-retained expert, Ms. Rosillo, for
17 Plaintiff's failure to timely produce a summary of facts and opinions pertaining to Ms. Rosillo
18 as required by FRCP 26(a)(2)(C), or provide other relief that Covidien sought in this motion;
19 and (e) award Covidien its fees and costs in bringing this motion.

20 DATED: September 9, 2011     OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By:    /s/ Michael J. Nader
    Thomas M. McInerney
    Michael J. Nader
    Attorneys for COVIDIEN

10933630.1 (OGLETREE)

10933630.2 (OGLETREE)